# UNITED STATES DISTRICT COURT
## for the SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN COCHRAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:11-cv-627-SEB-DKL |
| | ) |
| AMERICA'S NETWORK, INC. and | ) |
| JANE DOE, | ) |
| | ) |
| Defendants. | ) |

## ENTRY
## on
### Plaintiff's Response to Order to Show Cause [doc. 13] and
### Plaintiff's Motion for Extension of Time to Serve Defendant [doc. 14]

On September 19, 2011, the Court issued an Order to Show Cause [doc. 12] ordering Plaintiff to explain why this cause should not be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute because it appeared that he had failed to effect service of process on Defendant within the 120-day time limit prescribed by Fed. R. Civ. P. 4(m). (The unidentified "Jane Doe" defendant can be ignored.) In his response to the Order, Plaintiff's counsel asserted that he undertook the following activity in this cause: he filed the Complaint on May 9, 2011; sent "documents" to Defendant's registered agent on May 11, 2011 *via* certified mail; and shortly thereafter received the certified-mail receipt which was signed on May 13, 2011. *Plaintiffs'* [*sic*] *Response to Order to Show Cause* [doc. 13]. Plaintiff's counsel further alleges that he included a waiver of service of summons in the documents

1

sent to Defendant's agent *via* certified mail but that the waiver was not returned. He states that he "was under the impression that the Waiver of Service of Summons would be returned as that is the typical procedure in Plaintiff's counsel's experience with these cases." *Id.* He now "realizes his error and will correct it so there will be no future instances of this type." *Id.*

The Court finds that Plaintiff's counsel's response sufficiently answers the Order to Show Cause and concludes that this cause of action should not be dismissed for failure to prosecute under Rule 41(b).

Together with his response to the Order to Show Cause, Plaintiff moved for an extension of time of twenty days to effect service of process on Defendant. He provided no showing or argument in addition to that submitted in his response to the Order to Show Cause except to assert that the motion is "made in good faith and is not made to unnecessarily delay these proceedings."

Fed. R. Civ. P. 4(m) provides, in part:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff has not effected service of process within 120 days after the Complaint was filed. His only excuse is that he believed "in good faith" that Defendant would sign and return

the waiver of service of summons because that is his experience "with these cases." Regardless of how sincere his belief or how reliable his experience, the fact is that Defendant *did not* sign and return the waiver. Plaintiff offers no excuse or explanation for why he failed to monitor the (lack of) progress of this case or failed to notice that the waiver was not returned for at least 120 days. Regardless of his belief or his experience, Plaintiff's counsel must have been aware that executing a waiver of service was at Defendant's option and that Plaintiff had only 120 days to effect good service. Plaintiff has not shown good cause for failing to effect service by the deadline of Rule 4(m).

One final observation is in order. Plaintiff sent his documents, including a Rule 4(d) request for waiver of service of a summons, by certified mail to Defendant's registered agent and the agent signed and returned the certified-mail receipt but did not execute and return the waiver. But certified-mail delivery on Defendant's registered agent is a means of obtaining effective service of process on Defendant. Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1); Rules 4.6(A)(1), 4.6(B), and 4.1(A)(1), *Indiana Rules of Trial Procedure*. If Plaintiff's counsel had simply included a summons in the documents that he sent *via* certified mail to Defendant's registered agent, then the agent's return of the signed receipt would have effected service of process. Plaintiff's counsel's purpose in sending *via* certified mail to Defendant's registered agent a request to "avoid unnecessary expenses of serving the summons," Fed. R. Civ. P. 4(d)(1), which can be served *via* certified-mail on Defendant's registered agent, is obscure to say the least.

3

Good cause not having been shown for Plaintiff failing to obtain service on Defendant within the period prescribed by Rule 4(m) or for granting additional time to obtain service, Plaintiff's motion [doc. 14] is **DENIED**.

**Done this date:** 10/21/2011

_Denise K. LaRue_
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com