# UNITED STATES DISTRICT COURT
# for the SOUTHERN DISTRICT OF INDIANA,
# INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN COCHRAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     *vs.* | )   CAUSE NO. 1:11-cv-627-SEB-DKL |
| | ) |
| AMERICA'S NETWORK, INC. and JANE DOE, | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION
### to dismiss Cause under Fed. R. Civ. P. 4(m)

Defendant America's Network, Inc. has not been served after more than 120 days since the complaint was filed on May 9, 2011. After being alerted to the lack of service by an Order to Show Cause issued on September 19, 2011 [doc. 12], Plaintiff moved on October 4, 2011 for an extension of time of twenty days to obtain service on Defendant [doc. 14]. By separate Entry, this Magistrate Judge denied the motion, finding that Plaintiff had not shown good cause for the extension.

"If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Timely service clearly not having been

1

effected on Defendant America's Network, Inc. ("Jane Doe" can be ignored) and good cause not being shown for extending the time for service, **this Magistrate Judge recommends to the District Judge that this Cause be dismissed without prejudice under Rule 4(m)**.

The complaint asserts a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and complains of acts allegedly committed beginning in March 2011. The limitation period for a civil action under the FDCPA is "one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Therefore, Plaintiff likely will not be barred from filing a new action.

Plaintiff is advised that, within fourteen days after being served with a copy of this recommended disposition, he may serve and file specific written objections to the recommendation. The district judge is required to determine *de novo* any part of this Report and Recommendation that properly has been objected to. She may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to this Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2) and (3). Failure to timely file objections to an issue waives the right to challenge a magistrate judge's recommended disposition of that issue before a district judge, *American Acceptance Co., LLC v. Goldberg*, No. 2:08-cv-9 JVB, 2008 WL 2074128, *1 (N.D. Ind., May 14, 2008), and

the district judge's adoption of it on appeal, *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010).

**Done this date:** 10/21/2011

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com